```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
AHMAD HBOUSS and AAAH HOLDINGS INC.,     :    05 CIV. 7965 (DLC)
                                         :
                Plaintiffs,              :    MEMORANDUM OPINION &
                                         :           ORDER
        -v-                              :
                                         :
COCA-COLA ENTERPRISES INC. and JOHN      :
DOES 1-20,                               :
                                         :
                Defendants.              :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

Plaintiff Ahman Hbouss and his wholly owned company AAAH Holdings, Inc. (collectively, "Hbouss") sued Coca-Cola Enterprises, Inc. ("Coca-Cola") in state court in August 2005, in connection with alleged damage to Naya, Inc. ("Naya"), a company in which Hbouss was a majority shareholder. Following removal to federal court, Coca-Cola moved to dismiss the action, arguing principally that Hbouss lacks standing to assert injury on behalf of Naya.

The following allegations are taken from the complaint. Hbouss was the 59% shareholder of Naya, a bottler of drinking water in the United States and Canada. Coca-Cola had been a distributor of Naya water, but cancelled its distribution agreement with Naya. On October 21, 1999, Naya and Coca-Cola executed a settlement agreement and released all claims against each other.

Coca-Cola decided to enter the bottled water market by acquiring Danone, which sells Evian water. To assist in that goal, Coca-Cola "covertly influenced[d]" Naya's banks to force

Naya into bankruptcy, "covertly influence[d]" Naya's bankruptcy trustee to sell Naya's assets for less than their true value, and prevailed upon Danone to acquire Naya's assets in June 2000. In June 2005, Coca-Cola acquired Danone's North American operations, including the former assets of Naya. Hbouss seeks over $100 million for the "predatory and illegal attack against Naya" following the execution of the settlement agreement.

At a conference on November 18, 2005, held after Coca Cola's motion to dismiss was fully submitted, plaintiffs requested leave to amend their complaint in order to add Naya as a plaintiff. That application was granted on the condition that plaintiffs understood that they would be given no further opportunity to amend and that the amended pleading would be filed by January 13, 2006.

Through a letter of January 6, plaintiffs represented that the amended pleading adding Naya could be filed by April 15, and that an appearance before the Quebec bankruptcy court supervising Naya's bankruptcy was scheduled for January 10. The plaintiffs were required to file a status letter by January 27, and the date for filing the amended pleading was adjourned sine die.

In a letter of January 10, plaintiffs advised that Naya's bankruptcy trustee was going to oppose Hbouss' motion to allow Naya to join this action. The plaintiffs asked that the action be placed on the suspense calendar. Coca-Cola asked for an opportunity to renew its motion to dismiss, even though Hbouss had still not amended its initial complaint. The briefing on that renewed motion is now complete, and in his opposition Hbouss

2

asks once again that he be allowed to amend his pleading. Accordingly, it is hereby

ORDERED that Coca-Cola's motion to dismiss is denied without prejudice to its renewal.

IT IS FURTHER ORDERED that any amended pleading must be filed by April 14, 2006. In the event that there is a renewed motion to dismiss, it may be filed by May 5; opposition is due May 26; reply is due June 2. The plaintiffs will not be given a further opportunity to amend their pleadings.

IT IS FURTHER ORDERED that the movant shall supply the Court with two courtesy copies of all motion papers at the time the reply is filed.

SO ORDERED:

Dated:   New York, New York
         March 23, 2006

```
        _____
              DENISE COTE
        United States District Judge
```